IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PAULINO CARRANZA, | § | |
| aka PAUBLINO CARRANZA CORRALEZ, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 4:21-CV-395-O |
| | § | |
| ERIC WILSON, Warden, | § | |
| FMC-Fort Worth, | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner, Paulino Carranza, aka Paublino Carranza Corralez, a federal prisoner confined at FMC-Fort Worth, against Eric Wilson, warden of FMC-Fort Worth, Respondent. After considering the pleadings and relief sought by Carranza, the Court has concluded that the petition should be dismissed.

## I. BACKGROUND

Carranza, a native of Mexico and lawful permanent resident of the United States, is serving a term of 120 months' imprisonment for his 2016 conviction in the United States District Court for the Southern District of California for conspiracy to import methamphetamine, cocaine, and heroin. Resp't's App. 5–6, ECF No. 10. He has an expected release date of April 1, 2024. *Id.* at 2. Immigration and Custom Enforcement (ICE) has lodged a detainer against Carranza with the Bureau of Prisons, so that he can be transferred to ICE custody once he has completed his federal prison sentence. *Id.* at 2. In this petition, Petitioner seeks a hearing, cancellation, or waiver of immigration removal pursuant to former § 212(c) of the Immigration and Nationality Act (codified at 8 U.S.C.

1

§ 1182(c)), *repealed* (Sept. 30, 1996)), and § 240A(b) (codified at 8 U.S.C. A. § 1229b), on the grounds of "significant and extreme hardship on both [his common law] wife and his 4 children who are all American citizens." Pet'r's Mem. 1, ECF No. 2.

## II. DISCUSSION

Federal courts are restricted by the Constitution to adjudicating actual "cases" and "controversies." *United Transp. Union v. Foster,* 205 F.3d 851, 857 (5th Cir. 2000). In order to ensure that an actual controversy of constitutional proportion exists, the courts have employed the use of the "ripeness" doctrine. *Id.* (providing "[r]ipeness separates those matters that are premature because the injury is speculative and may never occur from those that are appropriate for judicial review"). It is clear that "[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States,* 523 U.S. 296, 300 (1998). Respondent provides proof that ICE has not yet initiated removal proceedings against Carranza. Resp't's App. 2, ECF No. 10. Carranza has no need to seek hearing, cancellation, or waiver of removal at this juncture because immigration authorities have not yet commenced removal proceedings against him. Unless and until that occurs, the petition is not ripe for review and is not justiciable. *See Osayande v. I.N.S.,* 66 F. App'x 525, 2003 WL 21017484, at *1 (5th Cir. Apr. 16, 2003).

Furthermore, Carranza cannot meet the "in custody" requirements of § 2241 over any immigration claim. The mere filing of an ICE detainer against him, without more, does not place him in immigration custody for purposes of challenging future removal proceedings. *See Zolicoffer v. United States Dep't of Justice,* 315 F.3d 538, 540–41 (5th Cir. 2003).

### III. CONCLUSION

For the reasons discussed herein, Petitioner's petition is **DISMISSED**. A certificate of appealability is **DENIED**.

**SO ORDERED** on this 30th day of July, 2021.

                                              _____
                                              Reed O'Connor
                                              UNITED STATES DISTRICT JUDGE